UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK E. STUDARD, ) | |
| ) | No. CV-09-0331-CI |
| Plaintiff, ) | |
| ) | ORDER DENYING PLAINTIFF'S |
| v. ) | MOTION FOR SUMMARY JUDGMENT |
| ) | AND GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, Commissioner ) | MOTION FOR SUMMARY JUDGMENT |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 19.) Attorney Jeffrey Schwab represents Mark E. Studard (Plaintiff); Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff filed for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), March 15, 2004. (Tr. 17, 111.) He alleged disability due to injuries to his back, right hip, knees, and left foot with an onset date of April 1999. (Tr. 90.) His claim was denied initially and on reconsideration. (Tr. 29-33.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on November 14, 2006, before ALJ R.J. Payne. (Tr. 411-39.) A supplemental hearing was held on March 23, 2007. (Tr. 440-482.) Plaintiff was represented by counsel at both hearings. Medical expert Anthony Francis, M.D., testified at the November hearing, and Plaintiff and vocational expert Deborah LaPoint testified at the March hearing. The ALJ denied benefits on April 10, 2007, and the Appeals Council denied review. (Tr. 13-26, 7-10.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence

supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

The Commissioner has established a five-step sequential

supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

The Commissioner has established a five-step sequential

evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in a previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant cannot do past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 38 years old. He testified he attended special education classes up until sixth grade when he left school. He also testified that he did not obtain a high school equivalency degree. (Tr. 444-46.) He reported he was married, then divorced for three years, and remarried his spouse in 2002. (Tr. 457-58.) Plaintiff has past work experience as a material handler, a janitor, a home attendant, a forklift operator, a farm worker and a tractor operator. (Tr. 477.) He testified he has been unable to work since a job-related accident in 1991, when he was run over by a tractor.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

(Tr. 452.)  The tractor crushed his left foot, and shattered his right femur bone to his knee. (*Id.*)  Plaintiff gained 170 pounds from the time of the accident.  (Tr. 454.)  He reported he has not been able to work since 1999 due to pain from his injuries.

## ADMINISTRATIVE DECISION

ALJ Payne first found Plaintiff met the insured status requirements for DIB through March 31, 2002. (Tr. 19.) At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of April 17 or December 31, 1999. (*Id.*) At step two, he found that Plaintiff had following severe impairments: "history of fractures to the right femur and left foot in 1991 requiring hardware placement and subsequent removal; history of arthroscopic surgery for torn medial meniscus of the right knee in January 2003 and left knee in May 2005." (Tr. 19-20.) He also found since 2005, Plaintiff has had the additional severe impairments of headaches; gastroesophageal reflux; complaints of upper extremity dysfunction; obstructive sleep apnea with daytime hypersomnia; obesity; a depressive disorder; a reading disorder; post traumatic stress disorder; a chronic pain disorder; and a history of amphetamine abuse in full remission for 16 years. (Tr. 20.) At step three, the ALJ found prior to October 1, 2002, Plaintiff did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). He determined that prior to October 1, 2002, Plaintiff had the residual functional capacity (RFC) for sedentary level work activities.  He found there was no evidence in the record that

Plaintiff was under medical care prior to October 1, 2002, a lack of medical evidence that was confirmed by Plaintiff, who stated he was not under medical care and did not seek medical treatment during the period between 1993 and 2002. (Tr. 20, 22.) Based on medical expert testimony, the ALJ concluded that, from April 17, 1999, until October 1, 2002, Plaintiff was capable of at least a sedentary level of work, and there were jobs in significant numbers Plaintiff could have performed during that time. The ALJ concluded Plaintiff was not disabled under the Social Security Act from the alleged onset date until October 2002. (Tr. 23, 24-25.) However, the ALJ concurred with the medical expert that Plaintiff's medically determinable impairments after October 2002 met or equaled Listing 1.02 for major dysfunction of a joint. (Tr. 23.) The ALJ concluded Plaintiff was disabled as defined by the Social Security Act after October 2002 and eligible for SSI. (Tr. 26.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he found Plaintiff was not disabled prior to his date of last insured,[1] but became disabled on October 1, 2002. (Ct. Rec. 14; Tr. 26.) Defendant responds the ALJ did not err in this finding because there is no medical evidence pertaining to the period

---

[1] In his memorandum in support of his Motion for Summary Judgment, Plaintiff indicates his date of last insured was December 31, 2001. (Ct. Rec. 14 at 6.) However, the record indicates the date of last insured for DIB purposes is March 31, 2002. (Tr. 17, 26, 69, 111.)

1 between the alleged onset date in 1999 and October 2002.  He asserts
2 disability cannot be established based on Plaintiff's statements
3 alone.  (Ct. Rec. 20 at 8-9.)

## DISCUSSION

Disability is defined by the Social Security regulations as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. § 404.1505(a).  To be eligible for disability insurance benefits, a claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 404.1508, .1528.  An impairment must result from "anatomical, physiological or psychological abnormalities" which can be shown by "medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1528.  However, the fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security Regulations (Regulations).  *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985).

Regardless of a claimant's credibility, and how many symptoms are alleged (or how genuine the complaints may be), "the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities."

*Ukolov v. Barnhart,* 420 F.3d 1002, 1005 (9th Cir. 2005)(*quoting Social Security Ruling (SSR) 96-4p*).[2]

Once a medically determinable impairment is established, and it is found to be disabling, an onset date must be established. The onset date represents the date upon which Plaintiff is disabled and, therefore, eligible for benefits. Determining the onset date is especially critical in DIB cases, because it may affect whether Plaintiff is eligible for past earned benefits, and if so, the amount he can be paid. *See SSR* 83-20.

Where disability is caused by a distinct trauma, and medical documentation is available to establish the date of trauma and severity of impairment, the Commissioner may base a finding of onset on evidence from acceptable medical sources. *Id*. However, in progressive diseases, such as degenerative disk disease, the date of onset is frequently unclear, and inferences must be made to establish this critical finding. *Id*.

Here, it is undisputed that medical evidence does not establish a precise date of onset; therefore, "informed inferences" must be made by a qualified medical expert. *Morgan,* 945 F.2d at 1082-83. The ALJ must create a record by calling a medical expert to infer an onset date. The medical expert's testimony constitutes substantial

---

[2] Under the case law, deference is accorded to the Commissioner's interpretation of the Social Security Act found in the agency's Social Security Rulings, "as long as they are consistent with the Social Security Act and regulations." *Ukolov*, 420 F.3d at 1005 n.2 (citation omitted).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

evidence to support the Commissioner's onset determination. *See Armstrong v. Commissioner of the Social Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998).

Plaintiff appears to argue his statements regarding symptoms experienced between 1999 and March 31, 2002, combined with the testimony of Dr. Francis, should be sufficient to support a finding of disability that he became disabled before his date of last insured. (Ct. Rec. 14 at 7.) However, Plaintiff concedes there are no medical records for the period between his alleged onset date and October 1, 2002. He also concedes he neither required medical care nor sought medical treatment during that time. (Tr. 23, 458-59; Ct. Rec. 14 at 7.) Rather, he argues "some reasonable degree of extrapolation" could be made from Dr. Francis' testimony and medical records relating to a period after October 2002. This argument is not persuasive.

As testified by Dr. Francis, the first unambiguous evidence of a medically determinable impairment does not occur until October 2002. Dr. Francis explicitly testified that there was no evidence to establish when Plaintiff met Listing 1.02. (Tr. 427.) Therefore, it was necessary for Dr. Francis to infer an onset date based on the evidence available. Plaintiff posits that Dr. Francis's testimony that degenerative arthritic changes "didn't just occur over night," is sufficient to infer disability. (Ct. Rec. 14 at 8; Tr. 429.) There is nothing in the record or Dr. Francis's testimony to support this argument. Even if the degenerative joint disease existed prior to October 2002, an "informed inference" of severity meeting or equaling Listing 1.02 must be based on medical evidence as well as

a claimant's description of his pain and symptoms.  *SSR* 83-20.  However, "the medical evidence serves as the primary element in the onset determination."  *McClanahan v. Commissioner of Social Security*, 474 F.3d 830, 834 (6th Cir. 2006) (*quoting SSR* 83-20).  A claimant's allegations are probative in determining onset "only if [they are] consistent with the severity of the condition(s) shown by the medical evidence."  *Id*.

The record shows that Dr. Francis declined to opine regarding the severity of degenerative joint disease during the period prior to October 2, 2002, due to the lack of medical evidence.  However, after reviewing the medical evidence, he testified a radiology report dated January 21, 2003, of the right knee was sufficient to meet the requirements of Listing 1.02.  (Tr. 431.)  The ALJ correctly found that, prior to October 1, 2002, there is no medical evidence to establish an onset of disability.  (Tr. 23, 429-30, 432.)

Plaintiff provides no legal authority for his assertion that an onset date can be extrapolated or based on speculation.  Although the Social Security Act is to be construed liberally in favor of a claimant, the Social Security Act, the Commissioner's regulations and interpretative rulings, and the case law are clear that objective medical evidence is required to establish disability.  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505; *Ukolov*, 420 F.3d at 1005-06; *SSR* 96-4p; *SSR* 83-20.  Regardless of how many symptoms an individual alleges, or how genuine his complaints may appear to be, without the requisite evidence of a medically determinable impairment during the relevant period, disability cannot be

established.  *See SSR* 96-4p.

The ALJ properly obtained medical expert testimony to infer disability.  Plaintiff has the burden to prove disability before his insured status expired. *Armstrong*, 160 F.3d at 590.  Plaintiff did not meet his burden to present evidence of a medically determinable impairment that prevented him from performing substantial gainful employment prior to the expiration of his insured status on March 31, 2002.  ALJ Payne's determination that Plaintiff was not disabled prior to October 2002, is a rational interpretation of the evidence. The ALJ did not err in relying on Dr. Francis' testimony that without objective medical evidence, an onset date cannot be inferred before October 2002.  (Tr. 23.)  Where, as here, substantial evidence supports the Commissioner's determination, it may not be disturbed.  Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED**;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 19)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  The file shall be closed and judgment entered for Defendant.

DATED February 4, 2011.


                        S/ CYNTHIA IMBROGNO
                     UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11